122    77
s80NW 996
|s80ASR 541
|d133  207

REED *v.* REED.

TENANCY IN COMMON — FORECLOSURE SALE — PURCHASE BY CO-
TENANT—BILL FOR PARTITION—OFFER TO REDEEM.
  Tenants in common cannot maintain a bill for partition against
  a co-tenant who has bid in the premises on foreclosure of an
  outstanding lien, without offering to contribute their propor-
  tionate shares in redemption from the sale.

Appeal from Livingston; Smith, J.   Submitted Octo-
ber 24, 1899.   Decided December 2, 1899.

Bill for partition by Melissa Reed, Alice Secor, and Frank
Ray against Charles Reed, John Ray, Sarah Wright, and
Horace Pierce.   From a decree for complainants, defend-
ant Reed appeals.   Reversed.

Lucy A. Reed died intestate, possessed of two parcels
of real estate.   Defendant Reed was her husband, and
the complainants and other defendants her brothers and
sisters, except defendant Pierce, who is the son of a de-
ceased sister.   The parties, complainants and defendants,
were therefore tenants in common of the land.   There was
a mortgage upon one parcel for $1,000, and upon the
other parcel for $400.   Defendant Reed purchased these
mortgages in the name of one Joseph H. Tiffin.   This
was done by the advice of his attorneys, in order to avoid
any question of merger.   The mortgages were due, and
were foreclosed by advertisement in the name of Mr.
Tiffin, and bid in by Mr. Reed for the sum of $1,587.69,
—the amount due, with interest and costs.   The defend-
ants Ray, Wright, and Pierce are interested with the com-
plainants.   Mr. Reed made no attempt to conceal the trans-
action.   No fraud or concealment is charged.   The time
for redemption expired April 5, 1899.   On January 30,
1899, complainants filed this bill for a partition, without

tendering or offering to pay their proportions of the amount in redemption from the sale. The case was heard upon pleadings and proofs on May 1, 1899. At the hearing defendant Reed was permitted to file a supplemental answer, showing that there had been no redemption from the foreclosure sales. The court entered a decree fixing the amount of Mr. Reed's lien at $1,641.29; directing a sale of the premises; that the amount due Reed be first paid, and the balance divided among the co-tenants.

*Louis E. Howlett*, for complainants.

*Gray & Gray*, for appellant.

GRANT, C. J. (*after stating the facts*). The theory of the bill is that the foreclosure deed to defendant Reed is absolutely void, and that he could obtain no title, as against his co-tenants, by purchasing and foreclosing the outstanding liens. The deed was not void, but voidable. This is conceded by counsel for Mr. Reed, and they admit that timely proceedings in redemption by the co-tenants would have defeated his title. It was necessary for the protection of all that some one of the co-tenants should either pay or purchase these mortgages, or, if foreclosed by the mortgagee, protect their interests upon the sale by purchase, or redemption after sale. Mr. Reed was the owner of the undivided six-twelfths, and he chose to purchase and foreclose the liens. The law gave him the right to do this. The law also gave the right to his co-tenants to share in the benefits of that sale by contribution. They did not do this, but seek to impose upon Mr. Reed all the cost and risk. If the property should not sell for sufficient at the sale upon this decree to pay the amount of indebtedness, he will be out all his expenses, and has been subjected to the costs of this suit, while his co-tenants lose nothing and assume no risks. The law does not permit co-tenants to thus speculate with their common property. Law and equity deal with co-tenants after one of them, as

he has the right to do, has purchased the outstanding liens or titles. Before co-tenants can take proceedings to secure the benefit of such purchase by another co-tenant, they must do equity, namely, tender or offer to contribute their proportionate shares of the amount paid in purchase of these outstanding liens. Freem. Co-Ten. § 154; 11 Am. & Eng. Enc. Law, 1083; *Lee* v. *Fox*, 6 Dana, 171; *Brittin* v. *Handy*, 20 Ark. 381 (73 Am. Dec. 497); *Flagg* v. *Mann*, 2 Sumn. 523; *Buchanan* v. *King's Heirs*, 22 Grat. 419; *Mandeville* v. *Solomon*, 39 Cal. 133; *Wilmot* v. *Lathrop*, 67 Vt. 671; *Stevens* v. *Reynolds*, 143 Ind. 467 (52 Am. St. Rep. 422). Co-tenants desiring to share in such purchase must move promptly; that is, within a reasonable time. The co-tenants in this case have not moved at all, except upon the theory that the purchase by the co-tenant was absolutely void, and that they were not subject to contribution. They have neither done, nor offered to do, equity.

Decree reversed, and bill dismissed, with the costs of both courts.

The other Justices concurred.