## MCARTHUR v. DUMAW.

1. TENANCY IN COMMON—PURCHASE OF MORTGAGE BY COTENANT.

   A cotenant cannot be divested of his property by the purchase of a mortgage and subsequent foreclosure by another cotenant.

2. SAME—PURCHASE OF MORTGAGE BY COTENANT—EQUITY—PROMPT ACTION.

   Cotenants who desire to take advantage of the purchase of an outstanding mortgage by another cotenant must do equity by tendering or offering to contribute their proportionate shares of the amount paid in purchase therefor and they must move promptly.

3. SAME—OFFER OF CONTRIBUTION TO COTENANT PURCHASER OF MORTGAGE—SUFFICIENCY—TIME.

   Offer to contribute costs of mortgage and other expenses in foreclosure as soon as same were ascertained and determined by the trial court, made by plaintiff cotenants as they commenced suit to quiet title to an undivided interest less than a year after expiration of period of redemption *held*, a sufficient and timely offer to do equity in view of residence elsewhere than in county where land was located and lack of notice of the foreclosure proceedings.

4. SAME—OFFER OF CONTRIBUTION—TIME.

   Whether or not an offer to contribute was made timely by cotenant seeking to share in benefit of his cotenant's purchase of an outstanding mortgage cannot be automatically set and each case must depend upon the facts therein.

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 14 Am Jur, Cotenancy, §§ 51, 52, 55, 58–60.
[1–4] Right of cotenant to acquire and assert adverse title or interest as against other cotenants. 54 ALR 874; 85 ALR 1535.

5. APPEAL AND ERROR—FINDING OF COURT—OWNERSHIP OF PROPERTY —RECORD.

> Finding of trial court that defendant cotenant was not the owner of property, pursuant to contract with his father, in which plaintiffs were seeking to have an undivided interest quieted in them was clearly supported by record, although the issue was not involved on the appeal.

Appeal from Oceana; Pugsley (Earl C.), J. Submitted June 6, 1950. (Docket No. 2, Calendar No. 44,720.) Decided September 12, 1950.

Bill by Florence McArthur and others against Everett J. Dumaw and others to quiet title to real estate. Everett Dumaw and others made plaintiffs by transfer. Decree for plaintiffs. Defendants Everett J. Dumaw and wife appeal. Affirmed.

*Hinds & Sikkenga,* for original plaintiffs.

*Stewart J. Roche* and *Oswald T. McGinn,* for other plaintiffs.

*R. Burr Cochran,* for defendants.

SHARPE, J. This is a bill in chancery to quiet title to a farm consisting of 80 acres located in Weare township, Oceana county, Michigan. The discovery of oil on the above property is largely responsible for the institution of the present suit.

The essential facts are as follows: Charles F. Dumaw, Sr., the owner of the property died intestate May 2, 1908. He left surviving him his widow and several children. On June 26, 1911, Eugene Shober was appointed administrator of the estate. On January 20, 1912, the administrator, pursuant to a license granted by the probate court, mortgaged the premises for $600 for the support and maintenance of the widow of deceased. The probate proceedings were

never terminated and the defendants Everett J. Dumaw, son of Charles F. Dumaw, Sr., and wife continued to occupy the premises from the date of the death of Charles F. Dumaw, Sr., until 1942. The mortgage above mentioned was never paid and by various assignments came into the possession of George L. Burrill who in 1942 sold it to defendant Everett J. Dumaw for the sum of $300. Defendant Dumaw foreclosed the mortgage by advertisement and on April 25, 1947, purchased the same at sheriff's sale for himself. During the period of his ownership of the mortgage he made no effort to notify other heirs of his father that he was the owner of the mortgage or had foreclosed it.

In August, 1948, Everett J. Dumaw petitioned the probate court for determination of heirs and on September 14, 1948, the probate court entered an order determining that the following named persons were heirs at law of Charles F. Dumaw, Sr., deceased, and their interest in the estate:

"Alice Maynard,            Daughter
Lillian Buck,             Daughter
Bloomfield Dumaw,            Son
Everett Dumaw,              Son
"each of whom would inherit 1/7th interest in the estate of said deceased.

"Floy Dumaw,        Grandson 1/7th interest,
Phoebe Moore,              1/49th interest,
Effie Holler,              1/49th interest,
Etta Howard,              1/49th interest,
Iva Morrow,               1/49th interest,
Everett Dumaw,            1/49th interest,
Emmet Dumaw,              1/49th interest,
Sadie MacDonald,          1/49th interest,
Florence Dumaw McArthur 1/35th interest,
Herbert Dumaw,            1/35th interest,
Ella F. Stockton,         1/35th interest,
Edward Dumaw,             1/35th interest,
Edwin Dumaw,              1/35th interest."

On June 12, 1947, Everett J. Dumaw and wife executed an oil and gas lease to the Carter Oil Company of the entire premises for a term of 5 years. Some of the plaintiffs learned about the mortgage and foreclosure through certain highway condemnation proceedings in the spring of 1948 and one learned of the mortgage the latter part of 1948. The other plaintiffs learned of the mortgage foreclosure in May, 1948, from a representative of the Carter Oil Company.

On November 3, 1947, defendants Everett J. Dumaw and wife obtained quitclaim deeds from his sisters, Lillian Buck and Alice Maynard, by paying them $100 each and on the same date paid his brother Bloomfield Dumaw $100 for his 1/7th interest in the estate. They also obtained the 1/7th interest of Floy Dumaw by 2 quitclaim deeds dated February and September, 1948. Early in 1948, defendant attempted to purchase the remaining 2/7ths interest belonging to the heirs of Charles and Herbert Dumaw.

On April 4, 1949, plaintiffs commenced the present suit and offered to contribute costs of the mortgage and other expenses in foreclosure as soon as the same were ascertained and determined by the trial court. Defendants Everett J. Dumaw and wife filed an answer to the plaintiffs' bill of complaint in which they deny that plaintiffs have any interest in the premises.

The cause came on for trial and at its conclusion the trial court entered a decree which provides:

"1

"That the above named plaintiffs, Florence McArthur, Edward Dumaw, Edwin Dumaw, Herbert Dumaw, and Ella F. Stockton, adult children of Herbert Dumaw, deceased, whose death occurred on or about September 30, 1943, (widower), are now and ever since said date, September 30, 1943, con-

tinuously have been, the sole, fee simple absolute, owners of an undivided 1/7 right, title and interest in the premises herein above described, with all appurtenances, being 1/35 to each, as the grandchildren of Charles F. Dumaw, Sr., who departed this life May 2, 1908, and whose widow, Julia Dumaw, departed this life December 25, 1920.

"2

"That the above named plaintiffs, Everett Dumaw, Etta Dumaw Delbridge, Effie Holler, Phoebe Moore, Iva Morrow, Emmett Dumaw and Sadie MacDonald, adult children of Charles F. Dumaw, Jr., whose death occurred on or about May 11, 1922, and whose wife is also deceased, are now and ever since said date, May 11, 1922, continuously have been, the sole, fee simple absolute, owners of an undivided 1/7 right, title and interest in the premises herein above described, with all appurtenances, being 1/49 to each, as the grandchildren of the said Charles F. Dumaw, Sr., deceased, subject to the rights of the said widow, who is also deceased, and whose rights descended to said transferred plaintiffs as her heirs.

"3

"That the said plaintiffs, Florence McArthur, Edward Dumaw, Edwin Dumaw, Herbert Dumaw and Ella F. Stockton, shall within 30 days from date of this decree, collectively pay to the clerk of this court the sum of $200 for the use and benefit of the said defendant, Everett J. Dumaw, to reimburse him for their share of the costs and expenses incurred by him for the protection of the title of said premises and the appurtenances.

"4

"That the said plaintiffs, Everett Dumaw, Etta Dumaw Delbridge, Effie Holler, Phoebe Moore, Iva Morrow, Emmett Dumaw and Sadie MacDonald, shall within 30 days from the date of this decree collectively pay to the clerk of this court the sum of $200 for the use and benefit of the said defendant,

Everett J. Dumaw, to reimburse him for their share of the costs and expenses incurred by him for the protection of the title of said premises and appurtenances.    *    *    *

"9

"That the said defendants, Everett J. Dumaw and Hattie Dumaw, his wife, are the owners by purchase, and are now the sole, fee simple absolute owners of an undivided 4/7 of the premises herein above described, with the appurtenances, except for the portions thereof which they have disposed of by mineral deeds and/or otherwise.    *    *    *

"11

"That the defendant, The Carter Oil Company, is the owner of a valid and subsisting oil and gas leasehold estate covering the N 1/2 NW 1/4 of section 8, township 16 north, range 17 west, Oceana county, Michigan, which leasehold estate was created by a certain oil and gas mining lease dated June 12, 1947, executed by Everett J. Dumaw and Hattie C. Dumaw, as lessors, recorded in liber 46 at page 183, as ratified on May 19, 1948, by Everett Dumaw, *et al.*, which ratification is recorded in liber 49 of Misc. at page 204, and on May 17, 1948 by Ronald Holler, *et al.*, which ratification is recorded in liber 49 of Misc. at page 205, and on May 15, 1948 by Peter Morrow, *et al.*, which ratification is recorded in liber 49 Misc. at page 206, and on May 20, 1948 by Thomas D. McArthur, *et al.*, which ratification is recorded in liber 49 of Misc. at page 207, and on May 20, 1948 by Herbert Dumaw, *et al.*, which ratification is recorded in liber 49 of Misc. at page 208, all in the office of the register of deeds of Oceana county, Michigan, and that the interest of the plaintiffs and the plaintiffs by transfer in said premises is subject to said lease, and that said lease as ratified is binding on all of the parties to this action, their heirs, devisees and assigns."

The trial court filed an opinion in which he stated:

"It is the thought, and therefore the holding of this court that when Everett Dumaw purchased the mortgage in question he did so for the protection of his own interests and likewise for the protection of all others who were interested in the title to the property, as cotenants, including the plaintiffs in this suit. That purchase inured to the benefit of them all and when he later foreclosed that mortgage, in effect it was a foreclosure only against the interests of the other cotenants.    *    *    *

"The record is eloquent by its absence of any assertion by the defendant of any claim of exclusive ownership through any of the proceedings that were had in the probate court and it is the belief of this court that it is now prompted by ideas that were not prevalent in his mind prior to the instigation of this suit. Especially is that true with reference to his claim of ownership of the property through a deal with his father, which had fallen ridiculously flat upon this hearing. The court also takes notice of the fact that since the defendant Dumaw foreclosed this mortgage he has obtained from several of the heirs their respective interests in the property, recognizing them as heirs, and he has paid them for their respective interests. He has also negotiated with the plaintiffs in this suit, seeking their assistance and cooperation with him by ratification of the oil lease which he gave on the property which has resulted in the development thereon and the drilling thereon and the discovery of 7 paying and producing oil wells. If, as now claimed by the defendant, he was the sole owner of this property, it was not necessary for him to have obtained these ratifications from the other heirs. Neither was it necessary for him to obtain conveyances from any of the heirs, or transfers of their interests. These things are mentioned because of their inconsistency, in the opinion of this court, with the claim now made.

"In answer further to the question of unreasonable delay, attention of this court is called to the fact that some of these heirs and plaintiffs in this suit lived in the State of Washington. None of them were residents of Oceana county. There were other heirs who lived in Detroit and others who lived in Cheboygan, Michigan. They knew nothing of this mortgage or its foreclosure until after the matter of leasing the property for oil was considered, and some of them not until very recently when the State highway department desired to obtain a right-of-way across the property for a highway and in examining the title recognized the interests of these plaintiffs and communicated with them. Never and at no time did the defendant notify any of the plaintiffs about his foreclosure of the mortgage. Never did he assert to them the amount that he had expended. Never did he ask them to make any contribution to reimburse him for what he had expended. Under these circumstances it does not appeal to this court as a matter of equity and justice that it should now be said that they have been precluded by their negligence or lapse of time from receiving the benefit of their inheritance. Under the rule in *Reed* v. *Reed,* 122 Mich 77 (80 Am St Rep 541), they must make contribution of the amount that they should pay upon this mortgage. Those figures have been computed by counsel for plaintiffs and are undisputed, with the exception possibly of the matter of taxes, which now aggregates the sum of $174.70, or $87.35 by each group of plaintiffs."

Defendants Everett J. Dumaw and wife appeal and urge that inasmuch as plaintiffs made no offer of contribution before suit was instituted they are not entitled to any relief in a court of equity and rely upon *Reed* v. *Reed,* 122 Mich 77 (80 Am St Rep 541), in support of their claim.

It is the generally accepted rule that a cotenant cannot be divested of his property by the purchase of a mortgage and subsequent foreclosure by another cotenant. See *Ream* v. *Robinson,* 128 Mich 92.

In the *Reed Case* a bill for partition was brought by cotenants against a tenant in common who had purchased and foreclosed a mortgage against the property. We there said:

"Before cotenants can take proceedings to secure the benefit of such purchase by another cotenant, they must do equity, namely, tender or offer to contribute their proportionate shares of the amount paid in purchase of these outstanding liens. \* \* \* Cotenants desiring to share in such purchase must move promptly; that is, within a reasonable time."

In the case at bar, the mortgage was foreclosed on April 25, 1947, and the period of redemption expired on April 25, 1948. The record shows that with the exception of defendant Everett J. Dumaw and wife, none of the heirs lived in Oceana county. Some of them lived in the States of California and Washington. The actions of Everett J. Dumaw negative any claim of exclusive ownership in the farm after the period of redemption had expired. Plaintiffs in the case at bar offered to make such contribution as the court determined was just. In the *Reed Case, supra,* the cotenants did not offer to contribute their proportionate share to the amount paid. We think this fact distinguishes the *Reed Case* from the case at bar, especially in view of the fact that defendants claim they paid $600 for the assignment of the mortgage, while Burrill claims that the actual cash involved was $300. It is possible that plaintiffs may have thought that their contributions would be a percentage of the amount that was bid at the foreclosure sale. In such a situation it would be difficult for plaintiffs to know what amount should be offered and so they left the same for the court to determine.

It is also urged by appellants that an offer to contribute, made for the first time in the pleadings is not a prompt offer. The time element cannot be auto-

matically set and each case must depend upon the facts in the case being decided. Having in mind that none of the plaintiffs had actual notice of the foreclosure of the mortgage or the final day for redemption, that some of them lived a great distance from the farm as well as other facts and circumstances noted in this case, we cannot say that plaintiffs did not make prompt offer within a reasonable time. In our opinion, the delay of plaintiffs in bringing suit was excusable and, under the circumstances of this case, they were not guilty of laches.

We note, in defendants' cross bill of complaint, the claim is made that defendant Everett J. Dumaw was the owner of the property pursuant to an agreement with his father during his lifetime. The trial court found against defendants on this claim. The record clearly supports such finding. Moreover, we note that the trial court's decision on this issue is not involved in this appeal.

The findings of the trial court on the issues involved are amply supported by competent evidence and its decree is affirmed, with costs to plaintiffs.

Boyles, C. J., and Reid, North, Dethmers, Butzel, Carr, and Bushnell, JJ., concurred.