**Martin G. HAGEN, Plaintiff and Appellant,**

v.

**Alma M. HAGEN et al., Defendants and Respondents.**

**No. 8249.**

Supreme Court of North Dakota.

Sept. 23, 1965.

Thompson, Lundberg & Nodland, Bismarck, for plaintiff and appellant.

Wolf, Glaser & Milhollan, Bismarck, for defendants and respondents.

STRUTZ, Judge.

This is an action to quiet title to a quarter-section of land in Burleigh County. The plaintiff's complaint alleges that he is the owner of the described property and prays that the court quiet title in him. The answering defendants deny the plaintiff's claim to the land and allege that they, with the plaintiff's father, acquired fractional interests in the property by inheritance. In his reply to the defendants' answer, the plaintiff alleges that he acquired title to the described real property by adverse possession.

The trial court found in favor of the defendants, and judgment was entered accordingly. The plaintiff has appealed from such judgment and has demanded a trial anew in this court.

It is admitted that the plaintiff does not hold the record title to the property and that his title, if any he has, must be established on the basis of possession adverse to his cotenants.

The plaintiff relies on certain evidence which he contends establishes his claim of adverse possession. He points out that he and his parents before him have been in possession for more than the statutory period required to establish adverse possession; that he and his parents cut hay upon a part of the premises, farmed a portion of such property, and received whatever income there was from such operations; that during such period neither the plaintiff nor his parents paid any rents; and that the plaintiff's parents and, after the death of his father, the plaintiff paid taxes on the property during such time. Plaintiff admits that when his father died, in 1956, the land in question was not included in the inventory as a part of the father's estate. He further shows that, in February of 1964, his mother gave to him a quitclaim deed conveying to the plaintiff any right, title, or interest she had in the property.

■ Actual possession of some part of the land claimed by adverse possession is an indispensable element of adverse possession. Secs. 28–01–09 and 28–01–11, N.D. C.C.; Bilby v. Wire (N.D.), 77 N.W.2d 882; 2 C.J.S. Adverse Possession § 19, p. 533; 3 Am.Jur.2d, "Adverse Possession," Sec. 12, p. 89.

■ It is also conceded that a cotenant may hold adversely to his cotenants, if his possession is such that it meets the requirements of the law of adverse possession. Stoll v. Gottbreht, 45 N.D. 158, 176 N.W. 932; 86 C.J.S. Tenancy in Common § 37, p. 391.

■ However, a tenant in common who enters into possession of the common land is presumed to be exercising the rights which he has as such tenant in common, and his possession is presumed to be consistent with the title that he holds as such common tenant. Mere possession itself and the payment of taxes is presumed to be for the benefit of all tenants in common, and the appropriation of rents and profits will not constitute adverse possession on the part of a tenant in common. Hare v. Chisman, 230 Ind. 333, 101 N.E.2d 268; 86 C.J.S. Tenancy in Common § 26, p. 384.

■ While it is true that a cotenant may oust the other cotenants, such ouster cannot be accomplished except by acts so hostile to the rights of the others that his intent to dispossess such other cotenants is clear and unmistakable. Morrison v. Hawksett (N. D.), 64 N.W.2d 786; Ellison v. Strandback (N.D.), 62 N.W.2d 95; Smith v. Tremaine, 221 Or. 33, 350 P.2d 180, 82 A.L.R.2d 1.

■ Therefore, before possession of one tenant in common can be adverse as to the other common tenants, the tenant in possession must give notice to his cotenants, either directly or by a course of conduct which is in direct hostility to the rights of the other cotenants so that a clear ouster of the rights of the cotenants is shown. Ellison v. Strandback, supra.

■ Thus, in order to support the plaintiff's claim of title to the entire estate in this case, there must be evidence to show adverse possession; there must be an ouster of the other cotenants, followed by possession for the entire statutory period. Such possession must be shown to be actual, exclusive, hostile, and with notice to the cotenants. Mere permissive possession by the plaintiff will not be presumed to be adverse, for possession by one cotenant is presumed to be in the exercise of his rights as a cotenant unless it is clearly shown that such possession is not only actual but is exclusive and hostile as well.

■ We have carefully examined the record in this case, and we find no evidence to show adverse possession by the plaintiff for the statutory period. All of the acts relied upon by the plaintiff are consistent with his ownership of the property as a tenant in common with the defendants. It follows, therefore, that the judgment of the district court must be affirmed.

BURKE, C. J., and ERICKSTAD, TEIGEN, and KNUDSON, JJ., concur.