FICK v FICK

TENANCY IN COMMON—FORECLOSURE SALE—PURCHASE BY COTENANT
—COTENANTS' RIGHTS.

> A cotenant of a piece of property owned in a tenancy-in-common
> relationship can purchase the property at a mortgage fore-
> closure sale so that the title to the property vests in him as
> sole owner, because before other cotenants can take proceedings
> to secure the benefits of such purchase by the purchasing coten-
> ant, they must do equity, namely, tender or offer to contribute,
> in a reasonable time, their proportionate share of the amount
> paid in purchase of the property; where the cotenants have
> not moved at all, except upon the theory that the purchase
> by the cotenant was absolutely void and that they were not
> subject to contribution, they have neither done, nor offered
> to do, equity.

Appeal from Lapeer, James P. Churchill, J. Sub-
mitted Division 2 January 4, 1972, at Grand Rapids.
(Docket No. 12196.) Decided January 26, 1972.

Complaint by George F. Fick, for himself and as
administrator of the estate of Harold Lee Fick, de-
ceased, and by Donald L. Fick against Harold Jos-
eph Fick and Anna Belle Farnum to have property
declared to be held in trust for the estate of Harold
Lee Fick, to have the property sold, and the proceeds

REFERENCES FOR POINTS IN HEADNOTE

20 Am Jur 2d, Cotenancy and Joint Ownership §§ 68–71.
55 Am Jur 2d, Mortgages § 657.
Effect of purchase by cotenant in possession of common property
    at foreclosure sale thereof, 6 ALR 297.
Right of cotenant to acquire and assert adverse title or interest
    as against other cotenants, 54 ALR 874, supp 85 ALR 1535.

divided between the parties. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Kenneth H. Smith,* for plaintiffs.

*Jack F. Smith,* for defendants.

Before: FITZGERALD, P. J., and R. B. BURNS and TARGONSKI,* JJ.

PER CURIAM. Plaintiffs instituted this action to have property held by defendant Harold Joseph Fick be declared held in trust for the estate of Harold Lee Fick, that the estate be ordered sold, and the proceeds from such sale be paid to the plaintiffs and defendants as co-owners of the property. That the estate repay the defendant, Harold Joseph Fick, for paying the mortgage against the property. The trial court entered a judgment for the defendants.

The only issue on appeal is whether a cotenant of a piece of property owned in a tenant-in-common relationship can purchase the property at a mortgage foreclosure sale so that title to the property vests in the cotenant as sole owner.

The trial judge, sitting without a jury, found the following pertinent facts:

(1) There was no agreement between Harold Joseph Fick and anyone else that he would bid in the property for the mutual benefit of himself and the other heirs.

(2) It does not appear that Harold Joseph Fick did anything to cause anyone else to believe he was acting for anyone else in bidding in the property at the sale.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

(3) All of the heirs knew, or with the exercise of reasonable diligence would have known, that someone would bid in the property at the sale and that the equity of redemption would expire on November 5, 1965.

(4) None of the other heirs have made any kind of a tender to Harold Joseph Fick at anytime, either before or after commencement of this suit.

The suit was not commenced until July 8, 1966.

Our review of the record supports the trial court's findings of facts, and this Court will not disturb those findings as they are not clearly erroneous. *Grand Rapids Asphalt Paving Co* v *Wyoming,* 29 Mich App 474 (1971); *Dixon* v *Shiner,* 12 Mich App 573 (1968); *Miller* v *Department of State Highways,* 30 Mich App 64 (1971).

We find that the Court's decision in *Reed* v *Reed,* 122 Mich 77 (1899), controls the case now before the Court. At pages 78–79, the Supreme Court stated:

"The law also gave the right to his co-tenants to share in the benefits of that sale by contribution. They did not do this, but seek to impose upon Mr. Reed all the cost and risk. If the property should not sell for sufficient at the sale upon this decree to pay the amount of indebtedness, he will be out all his expenses, and has been subjected to the costs of this suit, while his co-tenants lose nothing and assume no risks. The law does not permit co-tenants to thus speculate with their common property. Law and equity deal with co-tenants after one of them, as he has the right to do, has purchased the outstanding liens or titles. Before co-tenants can take proceedings to secure the benefit of such purchase by another co-tenant, they must do equity, namely, tender or offer to contribute their proportionate shares of the amount paid in purchase of these outstanding liens. Freem Co-Ten § 154; 11 Am & Eng Enc Law, 1083; *Lee* v *Fox,* 6 *Dana,* 17; *Brittin* v *Handy,*

20 Ark 381 (73 Am Dec 497) ; *Flagg* v *Mann,* 2 Sumn 523; *Buchanan* v *King's Heirs,* 22 Grat 419 ; *Mandeville* v *Solomon,* 39 Cal 133; *Wilmot* v *Lathrop,* 67 Vt 671; *Stevens* v *Reynolds,* 143 Ind 467 (52 Am St Rep 422). Co-tenants desiring to share in such purchase must move promptly; that is, within a reasonable time. The co-tenants in this case have not moved at all, except upon the theory that the purchase by the co-tenant was absolutely void, and that they were not subject to contribution. They have neither done, nor offered to do, equity."

As in *Reed,* the plaintiffs "have neither done, nor offered to do, equity". We, therefore, affirm the trial judge's decision.

Costs to defendants.