E. A. HANDY and Blanche E. Handy, Plaintiffs and Appellants,

v.

Martin C. HANDY et al., Defendants,

and

Oscar S. Oberg, as Executor of the Estate of Clara Oberg, Deceased, et al., Defendants and Respondents.

Civ. No. 8868.

Supreme Court of North Dakota.

April 12, 1973.

Rehearing Denied May 11, 1973.

Drey & Tuntland, Garrison, for plaintiffs and appellants.

William R. Mills, Bismarck, for defendants and respondents.

STRUTZ, Chief Justice.

This is an action to quiet title to a quarter-section of land in McLean County.

The facts are not disputed. The land in question was homesteaded by one Martin J. Handy, who died in 1895. His estate never was probated. His wife, Rebecca, who was the mother of the plaintiff E. A. Handy, farmed the land until 1905, when the plaintiff took over its operation. The plaintiff, who has been in possession of the land ever since, actually lived on the land until 1914. He then moved into the city of Underwood, from where he continued to operate the farm until 1940. Since that time, the land has been rented to others. In 1917, after having moved to Underwood, the plaintiff married Blanche, the other plaintiff in this action, and he now claims the land jointly with her.

It is conceded that the plaintiffs never have shared the proceeds from the land with any of the other heirs of Martin Handy or Rebecca Handy. However, the defendants deny that the plaintiffs ever occupied the land adversely; and claim that each of them acquired an undivided interest in the land by inheritance and that they still are owners of that interest.

The court held for the answering defendants and found that their interests as tenants in common had not been ousted by adverse possession of the plaintiffs. Judgment was entered for the defendants, and the plaintiffs have appealed to this court.

The only issue to be determined on this appeal is whether the uninterrupted possession of land by the plaintiff E. A. Handy for sixty-five years, as the son of the title owner whose estate never was probated, gives to the plaintiffs the right to title by adverse possession under Section 28–01–04, North Dakota Century Code. It is admitted that the plaintiffs do not hold record title to the property and that their title, if any they have, must be established on the basis of possession adverse to their cotenants.

■ The burden of proof in an action based on adverse possession is upon the person claiming title by such adverse possession. Martin v. Rippel, 152 N.W.2d 332 (N.D.1967).

■ A tenant in common in possession of the common land is presumed to be exercising the rights which he has as a tenant in common, and his possession is presumed to be consistent with the title that he holds as such common tenant. Mere possession and payment of taxes is presumed to be for the benefit of all the tenants in common, and the appropriation of the rents and profits will not constitute adverse possession. Hagen v. Hagen, 137 N.W.2d 234 (N.D.1965).

■ A cotenant may oust other cotenants, but his possession, to be rendered "adverse," must not only be actual but must also be notorious and hostile and of such character as to unmistakably indicate the assertion of ownership by the occupant as against his cotenants.

Thus, to support the plaintiffs' claim to title to the entire estate, the plaintiffs must show adverse possession; there must be an ouster of other cotenants followed by adverse possession for the entire statutory period. No evidence of any ouster is presented by the plaintiffs, however. They cite cases from other jurisdictions which hold that if a cotenant enjoys the sole, undisputed, peaceful occupancy for a long period of time, without sharing rents and profits with his cotenants or without demands for sharing being made by them, and without an acknowledgment of the cotenancy on the part of the possessor, such facts will warrant a presumption or inference that an actual ouster of cotenants has occurred. The plaintiffs argue that possession by them for sixty-five or more years is proof of such ouster.

■ The plaintiffs obviously would place the burden of proof of showing no ouster upon the defendants, instead of assuming themselves the burden of showing an ouster. But that is not the law in North Dakota. This State long has followed the rule adopted by most States, that

the burden of proof to establish an ouster is upon the person claiming by adverse possession, and that he must establish adverse possession for the statutory period by clear and convincing evidence. Morgan v. Jenson, 47 N.D. 137, 181 N.W. 89 (1921); Rovenko v. Bokovoy, 77 N.D. 740, 45 N.W.2d 492 (1950); Ellison v. Strandback, 62 N.W.2d 95 (N.D.1954); Hagen v. Hagen, *supra*.

We have examined the record in this case, and we find no evidence to establish an ouster by the plaintiffs of their cotenants. All that the plaintiffs have shown is that E. A. Handy was in personal possession of the land until 1917, and thereafter the plaintiffs continued to operate the land by tenants. They further have established that there has been no demand for a sharing of the rents and profits. No facts which could be found to constitute an ouster were presented by the plaintiffs. It follows, therefore, that the judgment of the district court must be affirmed.

KNUDSON, ERICKSTAD, PAULSON and TEIGEN, JJ., concur.