Angeline FETTIG, LeRoy P. Fettig, Linda A. Fettig Fischer, Alan G. Fettig, James J. Fettig, Rita Fettig Brooks, and Anita K. Fettig Delemeter, Plaintiffs and Appellees,

v.

Jack FETTIG, Defendant and Appellant,

and

Rose M. Fettig, Clemence Fettig, and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon the property described in the Complaint, Defendants.

Civ. No. 9561.

Supreme Court of North Dakota.

March 15, 1979.

Kelsch, Kelsch & Tudor, Mandan, for plaintiffs and appellees; argued by William C. Kelsch, Mandan.

Maurice R. Hunke, Dickinson, for defendant and appellant.

PEDERSON, Justice.

This is an appeal by Jack Fettig from a judgment quieting title to lands in Dunn County in Jack Fettig, Angeline Fettig, and other heirs of Philip Fettig, as tenants in common. The judgment also ordered partition pursuant to the provisions of Chapter 32–16, NDCC. Demand for an accounting was rejected by the trial court because it was found that rents and profits due from Jack Fettig, who had been in sole possession, were offset by redemption costs paid by Jack Fettig. This determination was not appealed.

Jack, who says this is the final chapter in the long history of the litigious Fettig family, bases his contentions primarily upon an argument that Angeline Fettig failed seasonably to contribute toward the costs of redemption from a mortgage foreclosure. He argues that she and the other heirs of Philip are foreclosed as a matter of law from claiming further interest in the land. We do not agree.

In 1953 Jacob and Theresa Fettig sold the land in question, along with other lands, to their two sons, Jack and Philip, and took a mortgage back covering the purchase price. The mortgage was executed by Jack, a single man, and by Philip and Angeline, husband and wife. In 1960 Philip was killed in an automobile collision, but left no will. Angeline was appointed administratrix of the estate. Jack filed a claim against the estate for $129,544.36, which was hotly contested. The protracted litigation ended when a final decree of distribution was entered on October 18, 1976. An undetermined interest in the land was awarded to Angeline and other heirs of Philip.

The mortgage was foreclosed and a sheriff's certificate of sale was issued in December, 1964. Within the one-year redemption period, a sheriff's certificate of redemption was issued to Jack Fettig and Angeline Fettig, as Administratrix of the estate of Philip Fettig. See §§ 35–22–20 and 35–01–16, and Chapter 28–24, NDCC. The costs of redemption, $8,056.00, were paid by Jack Fettig. He made no demand for participation by the estate.

The parties stipulated that Jack Fettig had claimed sole ownership of the land, at least during the years from Philip's death in 1960 until the redemption in 1965. Jack testified that he, upon advice of counsel, claimed sole ownership after the redemption. He also testified that he would have rejected any offer by Angeline or the Philip Fettig estate to make a contribution toward the redemption.

In 1970 Angeline was succeeded as Administratrix by Laurence E. Thompson, a banker. Before the final decree of distribution was entered in 1976, Angeline, and the other beneficiaries under that decree, instituted the present suit—combining claims to quiet title, to partition the land, and for an accounting.[1]

We accept Jack's suggestion that the only question for us to consider is—"How much

---

1. There is no affidavit of publication in the record (see § 32–17–07, NDCC). Subjoined to the summons is a notice containing a description of the land and a notice of no personal claim addressed to defendants, Rose and Clemence Fettig, and all unknown persons, but not to Jack Fettig.

time is a reasonable time?" The sheriff's certificate of redemption bears the date November 24, 1965, but was not recorded until May 10, 1973. Angeline tendered to Jack, in November, 1975, such sum as was owed for the appropriate share of the redemption costs, and deposited $10,000 with the clerk of the district court for this purpose. The tender has been rejected by Jack.

No findings of fact made by the trial court are challenged in this appeal under Rule 52(a), NDRCivP. It is Jack's argument that the nine years and 355 days from the redemption of the land in November, 1965, until the tender in November, 1975, is unreasonable and bars the claim of the cotenants as a matter of law.

Jack refers us to *Stevahn v. Meidinger*, 79 N.D. 323, 57 N.W.2d 1 (1952), and *Frandson v. Casey*, 73 N.W.2d 436 (N.D.1955), and urges us to reverse the judgment ". . . unless this Court now chooses for some shocking reason to overrule both . . . and ignore nearly two centuries of well founded American real property law." We think he misunderstands the role of an appellate court. "Choices" have little to do with our determinations or with the defining of the issue in any case. Issues are framed by the perimeters of the facts testified to and the legal arguments raised in the court below. Determinations are primarily reached by applying the law and precedent to the facts.

Relying upon *Ruff v. Schmeichel*, 219 N.W.2d 823 (N.D.1974), Jack says that this court has held that 87 days is beyond a reasonable time—as a matter of law. Our court, in *Ruff*, applied a principle set forth in *Kuhn v. Hamilton*, 117 N.W.2d 81 (N.D. 1962), that where a lease with an option is silent as to time of payment, the payment may be made a reasonable time after exercise of the option. We held, upon consideration of the urgency of circumstances, that 87 days was beyond a reasonable time.

In other cases we have reached the conclusion that, for example, 65 years of possession by one cotenant does not necessarily amount to an ouster of other cotenants. *Handy v. Handy*, 207 N.W.2d 245 (N.D.

1973). See also, by coincidence, two other *H v. H* cases: *Hodny v. Hoyt*, 243 N.W.2d 350 (N.D.1976), and *Hagen v. Hagen*, 137 N.W.2d 234 (N.D.1965). In *Smith v. Nyreen*, 81 N.W.2d 769 (N.D.1957), we concluded that, under the circumstances of that case, eleven years was not too late to make a claim.

The Supreme Court of New Mexico recently concluded that the general rule as to contribution obligations between cotenants as expressed in Annotation, 48 A.L. R.2d 1305, 1308 (1956), is:

". . . a cotenant who pays more than his share of a debt secured by a mortgage or other lien on the common property, or of interest falling due on such debt, is entitled to reimbursement (contribution) from his cotenants to the extent to which he paid their shares of the indebtedness." *Laura v. Christian*, 88 N.M. 127, 537 P.2d 1389, 1391 (1975).

The New Mexico court further concluded that it was a general rule that the option to contribute must be exercised within a reasonable time and the reasonableness of the time depends upon the circumstances in each case. The court cited cases from Alabama, California, Colorado, Connecticut, Florida, Idaho, Maine, Mississippi, Missouri, Wyoming and North Dakota (*Frandson v. Casey, supra*).

Jack Fettig says that we should follow the South Dakota holding in *Stianson v. Stianson*, 40 S.D. 322, 167 N.W. 237, 241, 6 A.L.R. 280 (1918), which stated:

"He will not be permitted to make such election a means of speculation by delaying until some circumstance, such as an increase in value of the land, may determine his course."

This same principle has been applied by the Michigan Court of Appeals in *Fick v. Fick*, 38 Mich.App. 226, 196 N.W.2d 18 (1972), which added that "co-tenants . . . must do equity."

Further discussions of the factors which must be considered under the heading "circumstances of the case" are found in 18 Am.Jur.2d Contribution, § 82, et seq; 20

Am.Jur.2d Cotenancy and Joint Ownership, §§ 76 and 77; 18 C.J.S. Contribution § 10; and 86 C.J.S. Tenancy in Common § 58, et seq; In 86 C.J.S. Tenancy in Common § 59, at 423, it is stated:

". . . whatever delay he [the contributing cotenant] may have been guilty of must be consistent with fair dealing on his part, and not attributable to an effort to gain advantages under such adverse claim while he shirks his responsibilities thereunder."

". . . as between the purchaser and his cotenants, the latter are not barred by the mere lapse of time, but only where the delay is accompanied by circumstances which would give rise to an estoppel."

Recently the Supreme Court of Oregon, in holding that one cotenant can adversely possess against another, said that:

". . . because the possession of one cotenant is considered the possession of all, the acts of the cotenant in possession cannot be assumed to be sufficiently hostile from the fact of possession alone." Kennedy v. Rinehart, 281 Or. 391, 574 P.2d 1119, 1120 (1978).

 If Jack Fettig had redeemed in his own name, he would have presumptively redeemed for all cotenants and his holding of the title would be "in trust for the benefit of all his cotenants." See Frandson v. Casey, 73 N.W.2d at 444, supra. The majority of this court did not approve Justice Knudson's dissenting view as expressed in Heggen v. Marentette, 144 N.W.2d 218, 239 (N.D.1966), that when one cotenant purchases, in his own name, an interest in conflict with the interests of his cotenants, it is "merely descriptive personae."

In this case Jack Fettig did not redeem the title in his own name but actually protected and perfected the title of all cotenants. His testimony to the effect that he considered himself sole owner after paying the redemption costs in 1965 is contradictory to his actions in redeeming in the names of "Jack Fettig and Angeline Fettig as Administratrix of the estate of Philip Fettig."

When we consider Jack's failure to record the redemption certificate for over seven years, the protracted litigation, the absence of any demand for contribution, and the law's disfavor of forfeitures, we reach but one conclusion—equity does not require more than has been done by Angeline Fettig and the heirs of Philip Fettig. Under the circumstances of this case, failure to contribute by one cotenant for nine years and 355 days is not an unreasonable period of time as a matter of law. The judgment is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.