**Clayton C. BARTZ, Individually and as Personal Representative of the Estate of Ella Bartz, deceased, Plaintiff and Appellee,**

v.

**Fern HERINGER and Nolan D. Bartz, Defendants and Appellants,**

**Twila E. Bartz, Defendant.**

**Civ. No. 10139.**

Supreme Court of North Dakota.

July 15, 1982.

Carlan J. Kraft, Rugby, and Orrin B. Lovell, Beach, for plaintiff and appellee; argued by Orrin B. Lovell, Beach, and Carlan J. Kraft, Rugby.

Pringle & Herigstad, Minot, for defendants and appellants; argued by Don Negaard, Minot.

PEDERSON, Justice.

The issues presented upon this appeal are: (1) whether or not a co-optionee has a fiduciary duty not to enrich himself individ-

ually at the expense and to the detriment of his fellow co-optionee; and (2) whether or not there exists a latent ambiguity in the testatrix's will requiring this court to ascertain the testatrix's true intent. We conclude that a co-optionee has a fiduciary duty not to enrich himself at the expense of his fellow co-optionee.

We further conclude that (1) under the circumstances of this case Ella Bartz's will was latently ambiguous, requiring us to ascertain her true intention; and (2) Ella Bartz's intention was that Clayton and Nolan would share equally in the opportunity to exercise the first option in Ella's will. The judgment is reversed and the case is remanded for proceedings not inconsistent with this opinion.

Ella Bartz died testate on April 10, 1979. She was survived by her children, Nolan D. Bartz, Twila E. Bartz, Fern Heringer and Clayton Bartz. Ella's will provided options for the purchase of her farmland. The first option was to Clayton and Nolan, jointly, to purchase the land within two years of Ella's death. The second option authorized Clayton, individually, to purchase the farmland within six months after the lapse of the first option. After Clayton had declined to take any action, Nolan, on April 7, 1981, through his attorney, filed with the court a "Protective Election" to exercise all rights, either individually or jointly, to purchase the farmland. This was within the two-year time period provided in the first option.

On April 13, 1981, contending that the first option had not been exercised and time therefor had expired, Clayton served upon himself as personal representative, and upon the other heirs and the court, an "Exercise of Option," wherein he purported to elect to purchase the land pursuant to the second option.

The will was probated and this matter was heard before the county judge of Pierce County. After a determination favorable to Nolan, Clayton appealed to the district court where the court found for Clayton. This appeal followed.

Article VI of Ella Bartz's will made Clayton and Nolan co-optionees. Had they exercised the option together as contemplated by Ella, they would have owned the property as cotenants or tenants in common. ". . . the normal effect of a conveyance or devise to two or more persons is the creation of a tenancy in common in absence of a manifested intention that the transferees should hold under a different form of concurrent ownership." C. Moynihan, Introduction to the Law of Real Property, at 224 (1962).

When a cotenant purchases an outstanding interest in the common property, it is for the benefit of the other cotenants. *Simons v. Tancre,* 321 N.W.2d 495 (N.D. 1982). Because of the confidential relationship between cotenants, it would be in violation of a trust relationship for one cotenant to acquire the common property to the exclusion of other cotenants. *See Frandson v. Casey,* 73 N.W.2d 436 (N.D.1955), and Title 59, NDCC.

Although the relationship of Clayton and Nolan never effectuated into a cotenancy, the distinction between co-optionees and cotenants is really a distinction without a difference. Therefore, a co-optionee has a fiduciary duty not to frustrate the stated purpose of an option by refusing to cooperate with his fellow co-optionee. Co-optionees, like cotenants, must do equity. *Fettig v. Fettig,* 277 N.W.2d 278 (N.D.1979), citing *Fick v. Fick,* 38 Mich.App. 226, 196 N.W.2d 18 (1972).

This court has the power to interpret and to construe ambiguous provisions of a will. *In re Tonneson's Estate,* 136 N.W.2d 823 (N.D.1965). Here, the first option contains a latent ambiguity. The latent ambiguity is evidenced by the absurd conclusion one could reach when following the literal and explicit wording in the first two options.

The first rule in the construction of a will is to ascertain and give effect to the testator's intention. *In re Glavkee's Estate,* 76 N.D. 171, 34 N.W.2d 300 (1948).

"All rules and presumptions relating to the construction of wills are subordinate to the intention of the testator and must yield thereto where such intention has been ascertained, however crudely the will may have been drawn." *In re Glavkee's Estate, supra,* 34 N.W.2d at 301.

Precatory language in the will, which was criticized by Clayton, nevertheless is useful in determining the decedent's intent.

Although the wording in the first option to Nolan and Clayton is inartfully drafted, it would be absurd to construe its language to allow Clayton to defeat the purpose of the option by sitting on his hands. The purpose of the first option was to give Clayton and Nolan a chance to purchase the land together. It is absurd to think that Ella's intent was to allow Clayton, by his own inaction, to render the first option superfluous.

"In construing a will, substance rather than form must be regarded, and imperfection or awkwardness of expression will not defeat testator's intention if it can be ascertained from will." *In re Glavkee's Estate, supra,* 34 N.W.2d at 300.

The intention of Ella Bartz was to allow Clayton and Nolan an opportunity to jointly exercise the option. Therefore, the judgment is reversed with instructions to the district court to take such action as may be necessary to protect the interests of Nolan. No Rule 62(1), NDRCivP, orders are necessary.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.