Argued October 31, 1977 at Pendleton, affirmed February 22, 1978

# KENNEDY et al, *Respondents,*
## *v.*
# RINEHART et al, *Appellants.*
## (No. 23283, SC P-2512)
### 574 P2d 1119

Thomas C. Howser, of Cottle & Howser, Ashland, argued the cause and filed briefs for appellants.

Robert G. Sevier, La Grande, argued the cause and filed a brief for respondents.

Before Denecke, Chief Justice, and Holman, Howell, Bryson and Lent, Justices.

HOWELL, J.

**HOWELL, J.**

This is a suit to quiet title to real property located in Union County. The plaintiffs claim to have acquired title to one-half of the property by conveyance and to the other half by adverse possession. The defendants, record owners of an undivided half-interest in the property, claim the plaintiffs have failed to establish title by adverse possession in defendants' one-half interest. The trial court found for the plaintiffs, and defendants appeal.

Prior to 1927, the property was owned by H. J. Rinehart and Nellie Crum as tenants in common. Rinehart died, and in 1945 Nellie Crum conveyed undivided title in the property to plaintiffs. The defendants are the heirs of H. J. Rinehart.

The plaintiffs have occupied the land since 1941.[1] Apparently defendants had no knowledge of any potential interest in the property.[2] The defendants concede that plaintiffs have established adverse possession were it not for the fact that defendants, as cotenants, had no notice of plaintiffs' claim of ownership. The issue is stated by defendants as whether the "out-of-possession co-tenant must have actual knowledge of the in-possession cotenant's conduct."[3]

■ The law is well established that one cotenant can adversely possess against another. *See, e.g., Smith et al v. Tremaine et ux,* 221 Or 33, 350 P2d 180, 82 ALR2d 1 (1960); *Currey et al v. Smith,* 105 Or 82, 209 P 232

---

[1]In 1972 the plaintiffs, Mr. and Mrs. Kennedy, were divorced. As part of their settlement, they divided the land into two separate tracts, each taking ownership and possession of one tract.

[2]Defendants' brief states that defendants did not testify "as they had never been near the property." The defendants' interest was discovered when plaintiff Maxine Kennedy attempted to sell her interest.

[3]Defendants also contend the trial court should not have allowed plaintiff Maxine Kennedy to testify she had paid the taxes on the property. The plaintiff was testifying to facts within her knowledge, and it was not necessary for her to produce receipts for taxes paid.

(1922). *See also* cases collected in 82 ALR2d 1. However, because the possession of one cotenant is considered the possession of all, the acts of the cotenant in possesssion cannot be assumed to be sufficiently hostile from the fact of possession alone. Generally, some notice of the intent of the cotenant in possession to adversely possess against his cotenant is usually required. *See Smith v. Tremaine, supra.* Without such notice, the tenant out of possession is rightfully entitled to assume that his cotenant is holding the property for both cotenants.

■ However, a different rule applies when the party in possession is the grantee of a cotenant taking under a conveyance purporting to convey full title. In such cases, the general rule is that where one of several cotenants conveys the joint estate by an instrument purporting to vest the fee to the entire property in a grantee who is not a cotenant and the latter enters, asserting open and exclusive ownership, the cotenant not participating in the conveyance is deemed to be ousted, and on termination of the statutory period, title by adverse possession vests in the grantee. *See* Annot., 32 ALR2d 1214 and cases cited. *See, e.g., Morris et al v. Ferrell,* 102 Ark 679, 143 SW 583 (1912); *Akley v. Bassett,* 189 Cal 625, 209 P 576 (1922); *Stephens v. Walker,* 193 Ga 330, 18 SE2d 537 (1942); *Chapin v. Stewart,* 71 Idaho 306, 230 P2d 998 (1951); *Boyd v. Boyd,* 176 Ill 40, 51 NE 782 (1898); *Records v. Miles,* 200 Okla 62, 191 P2d 918 (1948); Freeman on Cotenancy, § 224 (2d ed 1886). In such cases, the cotenant in possession successfully adversely possesses against the other cotenants because his intent upon entry of the property is to hold it as owner under the instrument he possesses. He does not enter as a cotenant. Thus, he does not hold as a cotenant and is not required to give actual notice of ouster.

For example, in *Records v. Miles, supra,* the cotenant in possession was held to have adversely possessed against siblings who claimed a part interest in land as

pretermitted heirs, because the cotenant in possession held as a grantee under an instrument which purported to convey full title. The court, quoting *Akley v. Bassett,* 189 Cal 625, 641-42, 209 P 576 (1922), said:

" 'The rule is that when one enters avowedly as tenant in common with others, his possession is the possession of the others, so long as the tenancy in common is not disclaimed. In such cases, to constitute the ouster there must be acts of the most open and notorious character, clearly giving notice to the world, and to all having occasion to observe the condition and occupancy of the property, that the intention is to exclude, and does exclude the cotenant. The rule thus stated, however, has no application to a case where the possession of the person in question was neither avowedly begun as a tenant in common, nor instituted under a deed or instrument which defined his title as such. * * *' " 200 Okla at 63.

Tiffany states the rule as follows:

"If a cotenant makes a conveyance which purports to convey not merely his undivided interest in the land, but the entire interest therein, or in a part thereof, and the grantee in the conveyance takes possession accordingly, without any recognition of the rights of the other cotenant, out of possession, the possession of the grantee is regarded as adverse to the latter, and the latter is charged with notice to this effect. He is charged with notice of the fact that a person other than his original cotenant is in possession of the land, and he is also charged with notice of the character of the claim of such person, and cannot assume that it is other than such as is indicated by the conveyance under which he holds. * * *" (Footnote omitted.) 4 Tiffany, Real Property 932, § 1185 (3d ed 1975).

■ In the present case, the plaintiffs took possession of the property after receiving an instrument from Nellie Crum which purported to convey the entire fee to them. Their possession, which was admittedly sufficient to establish adverse possession if the parties had been strangers, coupled with the fact that they took under this instrument, is sufficient to adversely possess against the defendants. We believe that this is

particularly appropriate, given the facts that the defendants have not contacted the plaintiffs in the 36 years the plaintiffs have occupied the land, the plaintiffs have not in any way recognized the defendants' interest, and apparently the only reason the defendants even know of their interest today is because they were notified in an effort by the plaintiffs to quiet their title.[4]

■ We hold that the grantee of a cotenant, who takes property under an instrument which purports to convey full title and fulfills all the normal requirements of adverse possession, need not, in addition, give actual notice of his claim to a cotenant.[5]

Affirmed.

---

[4]The facts in this case are distinguishable from *Smith et al v. Tremaine et ux,* 221 Or 33, 350 P2d 180, 82 ALR2d 1 (1960), where the cotenants took under the same instrument and all recognized the existence of the interests of the other cotenants.

[5]The trial court relied upon ORS 105.615, which provides:

"An action may be brought under ORS 105.605 by a tenant in common of real property to establish adverse possession as against all other cotenants if the tenant in common has been in possession of the real property, exclusive of all other cotenants, for an uninterrupted period of 20 years or more and has paid all taxes assessed against such property while in possession."

It is not necessary in this suit that we apply the statute or attempt any interpretation of the statute because of our conclusion that the plaintiffs are entitled to prevail under the rules discussed in the opinion. However, we find nothing in the statute which is inconsistent with the common law rule relating to the facts in this case.