Argued May 1, affirmed October 10, 1978

NEDRY et al, *Appellants,*
*v.*
MORGAN, *Respondent.*
(No. E-6494, SC 25335)
584 P2d 1381

Gene Stunz, Nyssa, argued the cause for appellants. With him on the briefs were Henigson, Stunz & Fonda, Nyssa.

Roy Kilpatrick, Mt. Vernon, argued the cause and filed a brief for respondent.

HOWELL, J.

**HOWELL, J.**

This is a suit for partition of real property located in Grant County. Plaintiffs claim an undivided one-half interest in the property. Defendant, record owner of the other undivided one-half interest, claims to have acquired plaintiffs' interest by adverse possession. The trial court found for defendant, and plaintiffs appeal. We review de novo.[1]

Prior to 1950, the three plaintiffs[2] each owned one-sixth interest in the property. The other one-half interest was owned by C. M. and Pieter Tensen. All parties owned their interests as tenants in common.

In November of 1950, the Tensens executed a bargain and sale deed purporting to convey the entire property to the defendant Amba Morgan and her husband as tenants by the entirety. Since that time, defendant, whose husband is now deceased, has remained in continuous exclusive possession of the property and paid the taxes thereon.

Defendant claims that her continuous possession of the property since 1950 gives her title to the whole property by adverse possession. Plaintiffs contend that adverse possession can run against cotenants only if notice of ouster is given to the out-of-possession cotenants. Since no actual notice of ouster was given in this case, plaintiffs claim the trial court erred in decreeing defendant to be the owner of the property in fee.

It is well settled that one cotenant may possess adversely against the other cotenants. *Richards v. Page Investment Co.,* 112 Or 507, 228 P 937 (1924);

---

[1] Defendant's counterclaim is in the nature of a suit to quiet title, which is an equitable proceeding, ORS 105.605. Because the issues raised on appeal all relate to defendant's counterclaim, we treat the appeal, as have the parties, as an appeal from an equitable decree. Therefore, de novo review is required by ORS 19.125(3).

[2] For convenience, we will refer to the record owners against whom defendant claims title by adverse possession as "Plaintiffs." The actual plaintiffs in this case are successors in interest of the record owners.

*Crowley v. Grant,* 63 Or 212, 127 P 28 (1912). Because the possession of one cotenant is the possession of all, however, the mere possession of the property by one cotenant, without more, is insufficient to establish title by adverse possession as against the other cotenants. *Smith et al v. Tremaine et ux,* 221 Or 33, 350 P2d 180, 82 ALR2d 1 (1960). To make his possession sufficiently adverse, the tenant in possession normally must give actual notice to his cotenants that he intends to occupy the property exclusively. *Id.*

In *Kennedy v. Rinehart,* 281 Or 391, 574 P2d 1119 (1978), we held that when a cotenant executes a deed purporting to convey full title to the property, the transferee taking under the deed may qualify as an adverse possessor even though no actual notice of ouster is given to the nonpossessing cotenants. We stated the rationale for the rule as follows:

> "If a cotenant makes a conveyance which purports to convey not merely his undivided interest in the land, but the entire interest therein, or in a part thereof, and the grantee in the conveyance takes possession accordingly, without any recognition of the rights of the other cotenant, out of possession, the possession of the grantee is regarded as adverse to the latter, and the latter is charged with notice to this effect. He is charged with notice of the fact that a person other than his original cotenant is in possession of the land, and he is also charged with notice of the character of the claim of such person, and cannot assume that it is other than such as is indicated by the conveyance under which he holds." *Id.* at 395, *quoting* 4 Tiffany, Real Property 932, § 1185 (3d ed 1975).

In *Kennedy* a cotenant of real property executed a deed purporting to convey full title to the plaintiffs. Plaintiffs remained in possession for 36 years and never recognized any rights in the other cotenants. On these facts, we held that plaintiffs had acquired title to the property by adverse possession.

The rule adopted in *Kennedy* has been referred to as "presumptive ouster," the theory being that the transferee is presumed to claim the interest his deed

purports to transfer. *See* Annot., 32 ALR2d 1214 (1953) and cases cited therein. Occasionally, courts have indicated that the rule applies only where the transferee "knew nothing of the existence of the other cotenants." *Johns v. Scobie,* 12 Cal 2d 618, 624, 86 P2d 820, 823 (1939). Such a view, however, overlooks the fact that the interests of the nonpossessing cotenants normally appear in the record chain of title, and the transferee is therefore charged with knowledge of the outstanding interests. Note, 56 Mich L Rev 1360 (1958). Thus, the doctrine of presumptive ouster depends not upon the transferee's ignorance of the nonpossessing cotenants' interests *per se,* but upon the fact that the transferee is a stranger to the original cotenancy and the nonpossessing cotenants no longer are entitled to assume that the tenant in possession is holding the property in recognition of their rights. The presumptive ouster doctrine imposes a duty on the nonpossessing cotenants to inquire into the nature of the transferee's possession at the risk of losing their interests to the transferee. The doctrine therefore is consistent with the theory underlying the law of adverse possession generally in that it penalizes the individual who rests on his paper title while another party makes productive use of the land.

■ It should be observed, however, that the presumptive ouster doctrine merely eliminates the need for the tenant in possession to notify his cotenants that he intends to occupy the property exclusively. It does not eliminate the normal requirements of adverse possession. The transferee must still prove that he occupied the property openly, notoriously, continuously, and exclusively under a claim of right for the statutory period. *Grimstad v. Dordan,* 256 Or 135, 471 P2d 778 (1970); ORS 12.050.

■■ It is with respect to the "claim of right" element that the nature of the deed and the transferee's knowledge of the nonpossessing cotenants' interests become relevant. If the transferee takes under a deed purporting to make him a cotenant only, he is assumed

to hold the property in recognition of the rights of the other cotenants. *Smith et al v. Tremaine et ux,* supra; 4 Tiffany, Real Property 929, § 1185 (3d ed 1975); Freeman, Cotenancy § 221 (2d ed 1886). Nevertheless, the transferee can denounce the rights of the other cotenants by notifying them that he intends to occupy the property exclusively, and in such a situation he qualifies as an adverse possessor even though he lacks color of title. *Foss v. Paulson,* 255 Or 167, 465 P2d 221 (1970); *Richards v. Page Investment Co.,* supra; 4 Tiffany, Real Property, *supra* at 930; Freeman, Cotenancy, *supra.* Likewise, a transferee may take a deed purporting to convey full title to the property, yet disclaim full title and acknowledge the rights of the other cotenants. In that situation, the transferee does not qualify as an adverse possessor even though he holds a deed to the entire property. *Price v. Hall,* 140 Ind 314, 39 NE 941 (1895); 3 Am Jur 2d 278, Adverse Possession, § 188 (1962). In other words, the deed or "color of title" is merely evidence of the claim the transferee is making, and this evidence can be overcome by acts or statements indicating that the transferee intends to claim more or less than his deed purports to convey. 4 Tiffany, Real Property 800, § 1148 (3d ed 1975).

Like color of title, the transferee's knowledge of outstanding interests in the property is relevant in determining whether or not he exercised the required claim of right. Normally, one who realizes that another has legal title to property will not claim the property as his own. Nevertheless, knowledge of an outstanding interest in the property does not preclude the possessor from exercising the claim of right required for adverse possession. In *Bessler v. Powder River Gold Dredg. Co.,* 95 Or 271, 185 P 753 (1919), *reh. denied* 187 P 621 (1920), this court stated the rule as follows:

> "* * * The terms 'claim of right,' 'claim of title' and 'claim of ownership' when used in the books to express adverse intent mean nothing more than the intention of

the disseisor to appropriate and use the land as his own to the exclusion of all others, irrespective of any semblance or shadow of actual title or right." *Id.* at 279.

In other words, "claim of right" simply means that the possession is not permissive and that the party in possession has not led the true owner to believe that the possessor recognizes the true owner's rights. 3 American Law of Property 776, § 15.4 (Casner ed 1974); 4 Tiffany, Real Property, § 1142 (3d ed 1975); *see also Norgard et al v. Busher et ux,* 220 Or 297, 302, 349 P2d 490, 493, 80 ALR2d 1161 (1960). *Cf., Smith et al v. Tremaine et ux, supra* (recognition of legal title in cotenants); *Sertic v. Roberts,* 171 Or 121, 136 P2d 248 (1943) (acknowledgement of title in lessor); *Oregon City v. Or. & Cal. R. Co.,* 44 Or 165, 74 P 924 (1904) (request that the possessor be allowed to make certain use of the property). When it appears that the possessor is aware of the possibility that another party had an interest in the property, the court must examine the evidence to determine whether or not the possessor nevertheless intended to claim the entire property as his own. *Norgard et al v. Busher et ux, supra* at 302.

In the present case, the Morgans obtained a deed purporting to convey full title to the disputed property in 1950 and entered into exclusive possession. Plaintiffs were thereby put on notice of the fact that persons other than their original cotenants were in possession of the property, and the Morgans were not required to give actual notice of ouster to qualify as adverse possessors. *Kennedy v. Rinehart, supra.*[3] The facts are

---

[3] Plaintiffs claim that *Kennedy v. Rinehart,* 281 Or 391, 574 P2d 1119 (1978), is distinguishable because the nonpossessing cotenants in *Kennedy* had no knowledge of their interests in the property, while here it appears that at least plaintiff Nedry's decedent, Eva Boydell, realized that she had an interest in the land. To interrupt the running of the statute, however, plaintiff was required to openly assert her interest, either by entry upon the land or by bringing an action against defendant. 4 Tiffany, Real Property 853-54, § 1161 (1975). The mere recognition of the fact that she had an interest in the land, without more, had no effect on the character of defendant's possession.

undisputed that the Morgans occupied the property openly, notoriously, continuously and exclusively for the statutory period. The only question remaining is whether the Morgans exercised the requisite "claim of right."

Plaintiffs argue that the Morgans could not have claimed complete title to the property for two reasons. First, the attorney who represented the Morgans in their purchase of the property apparently knew or had reason to know of plaintiffs' interests, and plaintiffs claim that this knowledge was imputable to the Morgans. Second, the Morgans took the disputed property under a bargain and sale deed while taking adjoining property from the same grantors under a warranty deed, and plaintiffs claim this should have put the Morgans on notice of the plaintiffs' interests in the disputed property.

Plaintiffs' first argument is without merit. As noted above, knowledge of an outstanding interest in property is not necessarily inconsistent with an intent to claim the property as one's own. The "claim of right" necessary for adverse possession depends upon the intent of the party in possession to hold the property exclusively, and can exist even though the party is aware of an outstanding interest in a third party. Assuming without deciding that the fiction of imputed knowledge applies in this case, we find that the attorney's knowledge did not negate the Morgans' intent to claim the property as their own.

Plaintiffs also rely on *Currey et al v. Smith,* 105 Or 82, 209 P 232 (1922) and *Crowley v. Grant,* 63 Or 212, 127 P 28 (1912). Such reliance is misplaced. *Currey* did not involve a presumptive ouster, since the transferee who took under the deed purporting to convey "the property as a whole" thereafter possessed for eight years only. With respect to the transferee, the theory in *Currey* was one of laches on the part of the nonpossessing cotenant, not presumptive ouster. In *Crowley* the court held that a conveyance by warranty deed of the entire property from one cotenant constituted an ouster of the other cotenants. Contrary to the assertion of the plaintiffs in the present case, however, there is nothing in *Crowley* that indicates a conveyance by less than a warranty deed cannot also constitute an ouster.

Plaintiffs' second argument also is unconvincing. We do not believe a lay person normally would attach great significance to the distinction between a warranty deed and a bargain and sale deed, and Mrs. Morgan's testimony at trial indicates that she was never aware of any outstanding interests in the property.[4] But even if we disregard Mrs. Morgan's testimony and assume that the Morgans appreciated the distinction between a warranty deed and a bargain and sale deed, there still is convincing evidence that the Morgans nevertheless intended to claim the entire property as their own. After obtaining a deed that purported to give them full title to the property, the Morgans fenced the property, irrigated it, cut hay off it, and kept their cattle there during the grazing season. They also paid all the taxes on the property from the date of purchase until 1976, when the property was sold. In short, their actions were consistent with a claim of complete ownership, and there is no evidence that they ever acknowledged interests in anyone else. Plaintiffs made no effort to contact the Morgans until 25 years after the Morgans purchased the property, either to inform them of the plaintiffs' interests or to inquire into the nature of the Morgans' possession. Upon de novo review of this evidence, we conclude that defendant has established that she and her husband held the disputed property under the requisite claim of right, and that the trial court was

---

[4] At trial, the following exchange occurred between defendant and her attorney:

"Q. When was the first time that you learned that somebody else claimed some interest in a cloud on this title or an interest in the paper title or something of that concern?

"A. It was 1975 when Mr. Stunz came to my house and told me.

"* * * * *.

"Q. Up until that time, had anybody ever told you that they had an interest?

"A. No.

"Q. Did you ever in your mind think or have any reason to think anybody had an interest?

"A. No."

correct in decreeing defendant to be the owner of the entire property by adverse possession.[5]

Affirmed.

---

[5]The trial court relied on ORS 105.615 in decreeing plaintiffs to be the owners of the property in question. ORS 105.615 provides:

"An action may be brought under ORS 105.605 by a tenant in common of real property to establish adverse possession as against all other cotenants if the tenant in common has been in possession of the real property, exclusive of all other cotenants, for an uninterrupted period of 20 years or more and has paid all taxes assessed against such property while in possession."

The trial court's memorandum opinion appears to indicate that a tenant in common may establish title by adverse possession under the statute merely by showing that he has been in exclusive possession of the property and has paid the taxes for a 20-year period. We do not read the statute so broadly. By its terms, the statute simply allows a suit to quiet title based on adverse possession to be brought by a cotenant who meets the listed criteria; it does not eliminate the requirement that the elements of adverse possession be shown. Because of our disposition of the present case, we need not rest our holding on the statute.