Argued and submitted July 13, affirmed November 21, 1984

## SOUTHERN OREGON PRODUCTION CREDIT ASSOCIATION,
*Respondent,*

*v.*

## PATRIDGE,
*Defendant,*
## PATRIDGE,
*Appellant.*

(82-864-NJ-3; CA A29765)

691 P2d 135

Frank R. Alley, III, Medford, argued the cause for appellant. With him on the briefs was Heffernan, Fowler, Alley & McNair, Medford.

Richard A. Stark, Medford, argued the cause for respondent. With him on the brief was Haviland & Stark, Medford.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Barbara Patridge (defendant) appeals a judgment that she, as well as her husband, is liable on promissory notes. Defendant William Patridge conceded his individual liability and does not appeal. We affirm.

■ The case commenced in equity for foreclosure of a security agreement. The trial court found the agreement unenforceable and proceeded to decide the liability of defendant and her husband on the underlying promissory notes. Defendant contended that she is not liable on the notes because she did not personally sign them; rather she claims her husband affixed her signature without her authorization. Plaintiff asserted her liability on grounds of estoppel, ratification and unjust enrichment. Because the only issue on appeal involves the legal claim on the notes, we review the case as an action at law, although it began in equity, *cf. Nedry v. Morgan,* 284 Or 65, 584 P2d 1381 (1978) (review *de novo* when equitable counterclaim to legal claim only issue on appeal), and although estoppel was asserted. *See Holman Transfer Co. v. PNB Telephone Co.,* 287 Or 387, 599 P2d 1115 (1979); *see also Ben Rybke Co. v. Royal Globe Insurance Co.,* 293 Or 513, 651 P2d 138 (1982). We thus review to determine whether there was competent evidence to support the court's judgment. We conclude that there was evidence to support a finding that defendant ratified the unauthorized act of her husband.[1]

■ To hold a purported principal liable by ratification of an unauthorized act of an agent, the principal must have knowledge of the material facts and an intent, express or implied, to ratify. *See Alldrin v. Lucas,* 260 Or 373, 381, 490 P2d 141 (1971). The notes were signed between April, 1977, and February, 1978. In 1980, plaintiff began sending defendant and her husband demand letters, finally filing an action in 1982. Defendant testified that she did not know that her husband had placed her signature on the notes until the lawsuit was filed. Plaintiff introduced in evidence defendants' superseded amended answer, filed August 4, 1982, which admitted the allegation in plaintiff's complaint "that defendants, William C. Patridge and Barbara Patridge, signed and

---

[1] Plaintiff contends that whether defendant signed the notes herself was in dispute and that the court could have inferred that she did. We do not consider that argument.

delivered to plaintiff" the promissory notes. Defendant's second amended answer filed in January, 1983, denied that her signature on the notes was her true signature.

Plaintiff also put in evidence a letter from defendant to its manager dated July 15, 1981:

"Dear Andy;

"Enclosed is a check for $100 as payment toward the outstanding balance on *our account.* We apologize for the delay as Bill has been in the hospital. I think *we've been delinquent* in the providing you with a plan for repayment. Bill felt that the sale of a great deal of the cattle was sufficient payment to satisfy a temporary need but apparently there was a misunderstanding as to the exact amount you required to continue the farm loan as agreed.

"We are presently reviewing our entire personal financial situation and should know what our exact circumstances will be by August 31. In the meantime *we will make payments to you to show good faith that we wish to satisfy our debt with you.* We greatly appreciate all your consideration.

"Sincerely,

/s/ B. Patridge

"BARBARA PATRIDGE" (Emphasis supplied.)

■ ■ The trial court could have inferred from the letter that defendant was aware of the terms of the loan agreements and intended to ratify her husband's act of making her liable on the loans. In addition, the court could infer from the amended answer that defendant knew that her signature was on the notes at the time she evidenced an intent to ratify. As a superseded pleading, the amended answer is not a binding judicial admission, but constitutes evidence from which inferences may be drawn. *Yates v. Large,* 284 Or 217, 223, 585 P2d 697 (1978). We therefore conclude that there was sufficient evidence from which the court as finder of fact could infer that defendant ratified her husband's act of placing her name on the notes.

Affirmed.