Argued and submitted May 2, affirmed November 20, 1985, reconsideration denied January 24, petition for review denied March 4, 1986 (300 Or 563)

SCHRENK et ux,
*Appellants,*

*v.*

GARVIN et ux,
*Respondents.*

(16-81-02790; CA A31841)

709 P2d 762

Ronald V. Freeman, Eugene, argued the cause for appellants. With him on the briefs was Loomis & Tomlinson, Eugene.

Joseph J. Leahy, Springfield, argued the cause for respondents. With him on the brief was Harms, Harold & Leahy, Springfield.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiffs brought an action for ejectment, and defendants counterclaimed, asserting title to the real property by adverse possession. Defendants prevailed on their claim for adverse possession, and plaintiffs appeal from the judgment. The trial court's finding of adverse possession is the sole issue raised on this appeal. On *de novo* review,[1] we affirm.

Ernest and Belva Schrenk (parents) owned a farm near Creswell and reared five children there. Four of their children, Gloria Gee, Larry Schrenk, plaintiff Corrin Schrenk, and defendant Virginia Garvin, reside on and claim an interest in portions of the farm. Gloria Gee and her husband, James, purchased approximately 47 acres in the northern part of the farm from the parents in 1953. Larry Schrenk purchased the southern 205 acres from the parents on May 1, 1966. Also on May 1, 1966, plaintiffs Corrin and Betty Schrenk purchased from the parents the middle portion of the farm, consisting of approximately 310 acres. In the aggregate, these purchases involved the entire farm. Defendants Robert and Virginia Garvin claim approximately one acre in the middle portion by adverse possession.

The property acquired by plaintiffs in 1966 contains, in addition to their residence, the residence of defendants and the original farmhouse, which was occupied by the parents until Ernest's death in 1977 and Belva's move to a retirement home in 1979.

Defendants' residence is behind the original farmhouse. In the late 1940s, James and Gloria Gee constructed a residence on the property that defendants now claim. They hooked up to the well serving the original farmhouse and put in a septic system. In 1953, after purchasing the northern property, the Gees moved, taking their newly constructed home. Also in 1953, soon after the Gees moved off the property, defendants returned from California and took possession of the property by moving a house trailer onto it and converting a garage left behind by the Gees into living quarters.

---

[1] Because defendants' counterclaims sound in equity, we review *de novo. Nedry v. Morgan,* 284 Or 65, 67, 584 P2d 1381 (1978).

The circumstances under which defendants took possession of the property is disputed. Plaintiffs claim that the parents gave defendants permission to use the land with the understanding that some day it would be theirs, and defendants claim that the parents gave them the land at the time they moved onto it. The evidence regarding defendants' activities on the property can be summarized as follows: From 1953 to 1962, they resided in the converted garage. In 1962, they placed a mobile home on the property and began to reside in it. In 1975, they constructed an addition to the mobile home, which was permanent in the opinion of an expert witness. Finally, in 1979, they added a carport to their residence. They have generally taken ordinary care of the property since taking possession of it in 1953. They have also consistently used roads on the property for ingress and egress, as well as water from a well on the property. Defendants have never paid any taxes on the property.

As previously stated, the only issue on appeal is whether the trial court erred in finding that defendants had acquired title to the property by adverse possession. To acquire property through adverse possession, the claimant must prove, by clear and convincing evidence, actual, open, notorious, hostile, continuous and exclusive possession for the statutory period of ten years. *Lee v. Hansen,* 282 Or 371, 375, 578 P2d 784 (1978); *Rise v. Steckel,* 59 Or App 675, 686, 652 P2d 364 (1982). "Hostility" is the only element disputed here, and the dispute concerns whether defendants originally occupied the property with the permission of the parents or under a claim of right. Permissive use is not hostile and, therefore, prevents the acquisition of property by adverse possession. *Scott v. Elliott,* 253 Or 168, 451 P2d 474 (1969). On the other hand, possession of property under a claim of right, based on an alleged parol gift, does provide the requisite hostility. *Parrish v. Minturn,* 234 Or 475, 382 P2d 861 (1963); *Miller v. Conley,* 96 Or 413, 190 P 301 (1920).

After reviewing the record, we conclude that, in 1953, the parents told defendants that, when they moved onto the land, the land would be theirs. That is sufficient to establish a claim of right and to inaugurate adverse possession. *Miller v. Conley, supra.* Defendants have occupied the property and

treated it as their own since that time. Accordingly, the judgment of the trial court is affirmed.[2]

Affirmed.

---

[2] Under common issues of law and fact, defendants also claim prescriptive easements for water, ingress and egress, and the judgment for defendants included these claims. Our holding in this case includes a resolution of these matters.