Argued and submitted May 10, affirmed August 25, 1993

Robert and Bertha MARKOVICH,
husband and wife,
*Appellants,*

*v.*

John and Margie CHAMBERS,
husband and wife,
*Respondents.*

(91-CV-0107; CA A74254)

857 P2d 906

504

Clayton C. Patrick, Salem, argued the cause for appellants. With him on the briefs was Richard V. Kengla, Grants Pass.

Duane Wm. Schultz, Grants Pass, argued the cause and filed the brief for respondents.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

**RIGGS, J.**

Plaintiffs appeal a judgment quieting title to real property in defendants. We review *de novo*, ORS 19.125(3), and affirm.

Plaintiffs live on a large lot that lies south of the lot where defendants operate a store. For decades, a fence has separated the two properties. When plaintiffs bought their lot in 1977, their deed was based on a 1948 survey that showed the fence to be the property line. However, when defendants bought their lot in 1981, their deed was based on a 1981 survey that placed the property line 10 feet south of the fence. In 1986 and 1987, plaintiffs recorded lot line adjustments which described their land by reference to the 1981 survey.

In 1988, defendants built a storage shed a few feet north of the fence. Its roof extends over the fence. Water run-off from the shed roof damages plaintiffs' apple trees. Defendants' store customers find the back of the shed a convenient place to urinate.

In 1991, plaintiffs brought an action for adverse possession and nuisance. In a trial to the court, plaintiffs argued that the 10-foot strip of land south of the fence belonged to them by virtue of practical location or by adverse possession. They also asked the court to require defendants to remove the parts of the roof that hang over the fence and to install gutters. In their nuisance claims, plaintiffs asked that the shed be moved back 10 feet in order to comply with a county zoning ordinance requiring a 10-foot set back. Defendants counterclaimed for trespass and to have title to the disputed strip quieted in them.

In a letter opinion, the court rejected all of plaintiffs' claims. Applying ORS 105.620 to the adverse possession claim, the trial court found that plaintiffs did not have an "honest belief" that they were the actual owners of the disputed strip. The trial court also held that plaintiffs' possession of the disputed land was not hostile and adverse for the requisite 10-year period. It interpreted plaintiffs' three partition requests, which referenced the boundaries described in the 1981 survey, as evidence that plaintiffs accepted the 1981 survey and no longer claimed the disputed strip.

The trial court next held that plaintiffs had not shown that the fence line was the true boundary under the doctrine of practical location. Specifically, the trial court held that plaintiffs had not presented any evidence that the parties or their predecessors in interest intended to resolve boundary disputes by recognizing the fence as the boundary. Because plaintiffs had not established title to the land that was allegedly encroached upon, the trial court rejected the claim of encroachment.

In regard to defendants' counterclaims, the trial court quieted title in defendants and held that plaintiffs were trespassing. Plaintiffs do not appeal from the part of the judgment holding that they were trespassing.

■ Plaintiffs first assign error to the denial of their claim for adverse possession. We note at the outset that the trial court erroneously applied ORS 105.620 to the dispute. ORS 105.620(1)(b) requires that someone claiming land by adverse possession demonstrate an "honest belief" throughout the resting period that he or she was the actual owner. However, both parties and the trial court inexplicably ignored the note to ORS 105.620, which states that the statute does not apply unless the claim was filed and the interest to the property vested after January 1, 1990. An adverse possessor's interest vests when the statutory period for possession expires. ORS 12.050; *Sertic v. Roberts*, 171 Or 121, 134, 136 P2d 248 (1943). Plaintiffs' interest, if it had vested at all, would have vested by 1987, 10 years after they purchased their lot. Therefore, ORS 105.620 does not apply.

■ ■ The trial court should have applied the former adverse possession standard: that someone claiming title by adverse possession clearly and convincingly show that the possession was "actual, open, notorious, hostile, continuous and exclusive, under claim of right or color of title" for a 10-year period. *Hopkins v. State of Oregon*, 96 Or App 717, 719, 773 P2d 825 (1989). Because plaintiffs used the boundaries established in the 1981 survey for their 1986 and 1987 partition requests, they cannot clearly and convincingly show that hostility was continuous between 1977 and 1987.

■ Plaintiffs next contend that their predecessors in interest also possessed the disputed strip of land. The only

evidence produced at trial concerning the predecessor's interest was the testimony of a woman raised in the vicinity. The essence of her testimony was that the fence had existed for at least 30 years and that plaintiffs' property was vacant. On cross-examination, she stated that she did not know whether the fence was moved or reconstructed over the years or whether there was an agreement concerning the fence. Because the witness was uncertain about whether there was an agreement, plaintiffs failed to show the requisite adversity and hostility. Because the witness admitted that she did not know if the fence had stood in its present location for 30 years, proof of the continuity was also lacking. We find there was insufficient evidence to establish that plaintiffs' predecessors in interest adversely possessed the disputed strip.

 Plaintiffs next assign error to the trial court's refusal to quiet title in their name under the doctrine of practical location. That doctrine applies when (1) adjacent landowners are uncertain about a true boundary and (2) they fix a boundary by agreement. *Ross v. DeLorenzo*, 65 Or App 586, 589, 672 P2d 1338 (1983), *rev den* 296 Or 411 (1984). Plaintiffs fail to persuade us on either element. Their use of the 1981 survey in their lot line adjustment requests negates uncertainty over the true boundary. Although one of the plaintiffs testified that the parties agreed to use the fence as the boundary, defendants denied that an agreement existed. The trial court, which had an opportunity to observe the demeanor of the parties, found that defendants had not agreed. Although our review is *de novo*, we give weight to trial court findings concerning the testimony of interested witnesses. We are persuaded that there was no agreement. Plaintiffs did not show that they have title to the land under the doctrine of practical location.

Without title to the disputed strip of land, plaintiffs' claim of encroachment on that land must also fail.

Affirmed.