Argued and submitted July 30, 2002, reversed March 6, 2003

## Chien Ba NGUYEN
## and Christine H. Vu,
*Respondents,*

*v.*

## John CONNER,
*Appellant.*

## 9911-12323; A114620

64 P3d 1181

Richard E. Fowlks argued the cause for appellant. With him on the brief was Fowlks & Snyder, LLP.

No appearance for respondents.

Before Edmonds, Presiding Judge, and Armstrong* and Kistler, Judges.

ARMSTRONG, J.

---

\* Armstrong, J., *vice* Warren, S. J.

**ARMSTRONG, J.**

Plaintiffs Nguyen and Vu, who are husband and wife, brought an action to quiet title to a ten-foot-wide strip of real property to which defendant holds title. The trial court found plaintiffs to be the owners of the strip of property through adverse possession. Defendant appeals, raising two assignments of error, both of which challenge the trial court's ruling in favor of plaintiffs on their claim for adverse possession. We review *de novo*, ORS 19.415(3), and reverse.

The strip of land in question runs along the southerly lot line of defendant's property. Since defendant first acquired his property in 1941, a fence has existed that runs east to west on defendant's property ten feet north of the southerly lot line. Defendant rebuilt the fence in 1978 in the same location. Defendant testified that a woman named Margaret lived on plaintiffs' property from the time that he moved onto his property until plaintiffs purchased their property. He did not testify about any use that Margaret made of the disputed land.

Plaintiffs purchased their property in 1992. At that time, the fence that defendant had rebuilt was present. In 1997, a survey revealed that the fence is ten feet inside of defendant's property. Until that time, plaintiffs and defendant appear to have treated the fence as the border between the two properties. Plaintiffs maintained bushes and trees, built a playhouse for their children, and grew vegetables in the disputed area. However, plaintiffs presented no evidence about the use of the disputed area by their predecessors. Vu testified that the yard was empty when she and her husband purchased the property. Plaintiffs lived in a house on the property until 1995. The house stood vacant between 1995 and 1997. During those two years, plaintiffs routinely visited the property in order to maintain it. Beginning in 1997, plaintiffs rented out the house. Nguyen regularly visits the property to do maintenance and yard work, including tending the disputed area. The tenant's children use the disputed area as a play area, and the tenant parks his car on part of it.

On November 16, 1999, plaintiffs filed this action. As noted, the trial court found them to be the owners of the disputed area. On appeal, defendant argues that the record does not contain evidence sufficient to establish all of the elements of either common-law or statutory adverse possession.

A party bears a " 'heavy burden' to establish ownership by adverse possession." *Hoffman v. Freeman Land and Timber, LLC.*, 329 Or 554, 560, 994 P2d 106 (1999). To establish ownership by adverse possession under the common law, a party must show clear and convincing proof of actual, open, notorious, exclusive, continuous, and hostile possession of the property for a ten-year period. *Davis v. Parke*, 135 Or App 283, 286, 898 P2d 804, *rev den*, 321 Or 560 (1995). To establish ownership by adverse possession under ORS 105.620, a party must prove the common-law elements and also that the possession was taken under an honest belief that the person was the owner of the property, that that belief continued throughout the vesting period, and that the belief had an objectively reasonable basis. The party seeking to quiet title under ORS 105.620 must prove each of those elements by clear and convincing evidence. ORS 105.620(1)(c). Clear and convincing evidence means evidence that makes a fact in issue "highly probable." *Riley Hill General Contractor, Inc. v. Tandy Corp.*, 303 Or 390, 402, 737 P2d 595 (1987).

ORS 105.620 applies only to those adverse possession claims that are filed and interests that vest after January 1, 1990. Or Laws 1991, ch 109, § 3; *Markovich v. Chambers*, 122 Or App 503, 506, 857 P2d 906 (1993). It is unclear from the record when plaintiffs contend that their interest in the disputed strip vested. However, as they pertain to this case, the elements of adverse possession are identical under ORS 105.620 and the common law.

Defendant argues that plaintiffs did not actually possess the disputed strip of land because they did not use it in a manner sufficient to establish ownership, and, regardless of whether their use was sufficient, plaintiffs and their predecessors did not use the land for the required ten-year period. Because we agree with defendant on the second point, we do not address the first.

Plaintiffs first acquired their property in 1992, fewer than ten years before the filing of their action. It follows,

therefore, that they had to present evidence sufficient to establish the elements of adverse possession for some period during which the land was owned by their predecessors in interest. They failed, however, to present any evidence of their predecessors' use of the property. The only evidence presented about plaintiffs' predecessors was testimony by defendant that a woman named Margaret lived on plaintiffs' property from 1941 until the time that plaintiffs purchased it. No evidence was presented to show that Margaret used the disputed land in a way that would meet the requirements of adverse possession. Plaintiffs argued below that the apparent treatment of the fence as a boundary line demonstrates that Margaret adversely possessed the property. However, the existence of a fence, by itself, is insufficient to establish adverse possession; there must be additional evidence sufficient to support findings on the elements of adverse possession. *Woolfolk v. Isler,* 37 Or App 687, 694, 588 P2d 632 (1978).[1] Plaintiffs have failed to meet their burden of showing by clear and convincing evidence that they and their predecessors in interest used the disputed strip continuously for the ten-year period required to establish ownership by adverse possession. Their action to quiet title therefore fails.

Reversed.

---

[1] This case is distinguishable from those in which parties treated an existing fence line as their property line and each party actually used the property up to its side of the fence for a ten-year period. *See, e.g., Davis,* 135 Or App at 288. There also is no evidence that plaintiffs or Margaret was responsible in any way for the creation or maintenance of the fence on defendant's property.