***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted April 19, affirmed May 17, petition for review denied October 5, 2023 (371 Or 476)

Richard W. MARTUCCI,
individually and as Co-Trustee of
the Martucci Family Trust UAD June 26, 2019;
and Donald P. McWhorter, as Co-Trustee of
the Martucci Family Trust UAD June 26, 2019,
*Plaintiffs-Appellants,*

*v.*

Mike HILTON;
Matt Ropp; and
RH Holdings, LLC,
an Oregon limited liability company,
*Defendants-Respondents.*

Jackson County Circuit Court
20CV17567; A176183

Benjamin M. Bloom, Judge.

Clark E. Rasche argued the cause for appellants. Also on the briefs was Watkinson Laird Rubenstein, P.C.

David A. Jacobs argued the cause for respondents. Also on the brief was Luvaas Cobb.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Plaintiffs appeal a judgment entered after a bench trial, assigning error to the trial court's ruling denying them relief on their claim for boundary by agreement. Specifically, plaintiffs argue that the trial court erred when it determined that the parties' predecessors did not reach an agreement concerning the boundary between their respective properties due to "mutual uncertainty or dispute," as required for the doctrine of boundary by agreement to apply.

Plaintiffs request *de novo* review; however, this is not an exceptional case, and we therefore do not exercise our discretion to conduct *de novo* review.[1] ORAP 5.40(8)(c) (*de novo* review limited to "exceptional cases"). Accordingly, we review "the court's legal conclusions for errors of law, being bound by its factual findings so long as there is evidence in the record to support them." *Ramos v. Potkowski*, 322 Or App 686, 692, 521 P3d 840 (2022).

"In Oregon, boundary-by-agreement is a common-law doctrine with three elements." *Id.* at 692. But "[j]uxtaposed against those seemingly simple elements are limitations that qualify their meaning." *Id.* Important here is the first element: "[T]here must be an initial uncertainty or dispute as to the 'true' location of the boundary." *Agrons v. Strong*, 250 Or App 641, 648, 282 P3d 925 (2012). That requirement "prevent[s] the agreement from falling within the Statute of Frauds or violating other real property conveyancing requirements, for it establishes that the parties are resolving a dispute by mutually fixing an *unknown boundary* rather than by making a conveyance of land." *Id.* (internal quotation marks omitted; emphasis added).

---

[1] In requesting *de novo* review, plaintiffs rely on *Gibbons v. Lettow*, 180 Or App 37, 42 P3d 925 (2002). In *Gibbons*, review of a judgment concerning a boundary by agreement claim was *de novo* because, at the time, ORS 19.415 required *de novo* review in equitable proceedings. ORS 19.415 (2001), *amended by* Or Laws 2003, ch 576, § 88; Or Laws 2005, ch 568, § 27; Or Laws 2009, ch 231, § 2 ("Upon an appeal from a judgment in an equitable proceeding, the Court of Appeals shall try the cause anew upon the record."). However, ORS 19.415 was amended in 2009 to provide the Court of Appeals with discretion to review equitable actions *de novo.* Or Laws 2009, ch 231, § 2.

We have observed that "[o]ne indication that the parties continued to rely on the boundary described in a deed or plat as their true boundary is their subsequent reference to the deed or plat as establishing the boundary." *Ramos*, 322 Or App at 693; *see also Markovich v. Chambers*, 122 Or App 503, 505, 857 P2d 906 (1993) (concluding that the plaintiff's use of a 1981 survey in a lot-line adjustment request "negate[d] uncertainty over the true boundary").

In this case, evidence in the record supported the trial court's finding that the parties' predecessors were certain as to the true boundary between their properties; the true boundary was not in dispute. Specifically, plaintiffs' predecessor had previously commissioned a survey of his property; the parties' agreement contemplated an "acre for acre" exchange of property; that "acre for acre" exchange of property was made with reference to surveyed lines; and the letter from defendants' predecessor to plaintiffs' predecessor regarding the property transaction between them reflected that property was going to be conveyed, stating "[defendants' predecessor] has marked trees with blue paint *** within that portion of the lot line adjustment area, *which is to become your property*." (Emphasis added.) That evidence allowed the trial court to find that the land transaction contemplated by plaintiffs' predecessor and defendants' predecessor was a land conveyance subject to the statute of frauds, and the parties were not "resolving a dispute by mutually fixing an *unknown* boundary." *Agrons*, 250 Or App at 648 (emphasis added; internal quotation marks omitted).

To be sure, plaintiffs' predecessor raised an adverse possession claim at one point. But whatever that claim was based on, the trial court was permitted to find that, in negotiating the "acre for acre" land conveyance that forms the basis for plaintiffs' boundary by agreement claim, the parties' predecessors continued to rely on the "true" boundary as described in the deeds. Consequently, we affirm.

Affirmed.